# United States District Court, Northern District of Illinois

| Name of Assigned Judge or Magistrate Judge | John W. Darrah | Sitting Judge if Other than Assigned Judge | |
|---|---|---|---|
| **CASE NUMBER** | 00 C 370 | **DATE** | 4/23/2002 |
| **CASE TITLE** | PHILIP MARTINO, KATHY QUINTANAR vs. CALIFORNIA FEDERAL BANK | | |

**MOTION:** [In the following box (a) indicate the party filing the motion, e.g., plaintiff, defendant, 3rd party plaintiff, and (b) state briefly the nature of the motion being presented.]

**DOCKET ENTRY:**

(1) ☐ Filed motion of [ use listing in "Motion" box above.]
(2) ☐ Brief in support of motion due _____.
(3) ☐ Answer brief to motion due_____. Reply to answer brief due_____.
(4) ☐ Ruling/Hearing on _____ set for _____ at _____.
(5) ☐ Status hearing[held/continued to] [set for/re-set for] on _____ set for _____ at _____.
(6) ☐ Pretrial conference[held/continued to] [set for/re-set for] on _____ set for _____ at _____.
(7) ☐ Trial[set for/re-set for] on _____ at _____.
(8) ☐ [Bench/Jury trial] [Hearing] held/continued to _____ at _____.
(9) ☐ This case is dismissed [with/without] prejudice and without costs[by/agreement/pursuant to] ☐ FRCP4(m) ☐ General Rule 21 ☐ FRCP41(a)(1) ☐ FRCP41(a)(2).
(10) ■ [Other docket entry] Status hearing held. Enter Memorandum Opinion And Order. Defendant's bill of costs is granted in part and denied in part. Defendant is awarded a total of $257.34 in costs (the total of $67.20 + $1.80 + $29.00 + $159.34).

(11) ■ [For further detail see order attached to the original minute order.]

| | No notices required, advised in open court. | | Document Number |
|---|---|---|---|
| | No notices required. | number of notices | |
| | Notices mailed by judge's staff. | | |
| | Notified counsel by telephone. | date docketed | |
| ✓ | Docketing to mail notices. | | |
| | Mail AO 450 form. | docketing deputy initials | |
| | Copy to judge/magistrate judge. | | |
| LG | courtroom deputy's initials | date mailed notice | |
| | | Date/time received in central Clerk's Office | mailing deputy initials |

IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

PHILIP MARTINO, Trustee in
Bankruptcy, f/u/o
KATHY QUINTANAR, Bankrupt,

Plaintiff,

v.

CALIFORNIA FEDERAL BANK, FSB.,
as successor to
FIRST NATIONWIDE BANK, N.A.,

Defendant.

Case No. 00 C 0370

The Honorable John W. Darrah

DOCKETED
APR 2 4 2002

## MEMORANDUM OPINION AND ORDER

Plaintiff, Kathy Quintanar[1] ("Plaintiff"), sued Defendant, California Federal Bank ("Defendant"), for gender discrimination in violation of Title VII of the Civil Rights Act of 1964, 42 U.S.C. § 2000e, *et seq.*, as amended. Summary judgment was granted in favor of Defendant, and judgment was entered in favor of Defendant. Defendant has filed a bill of costs. Plaintiff has not filed an objection to Defendant's bill of costs.

"Costs . . . shall be allowed as of course to the prevailing party unless the court otherwise

---

[1] Philip Martino ("Trustee") is a Trustee in Bankruptcy and appointed to function as a Trustee in Bankruptcy for the Bankruptcy Petition filed on behalf of Kenneth and Kathy Quintanar known as 97 B 31002. This cause of action was originally filed by Quintanar. After filing, Quintanar's Bankruptcy Petition was re-opened, and this cause of action was listed in the Bankruptcy Petition as an asset of the Bankruptcy Estate. Thus, it became an asset of the Bankruptcy Estate under the control and/or possession of the Trustee by operation of law, and the Trustee is the proper plaintiff. However, for simplicity, Quintanar will continue to be referred to as the plaintiff in this opinion.

-1-

directs." Fed. R. Civ. P. 54(d). Recoverable costs, as set forth in 28 U.S.C. § 1920, include: (1) fees of the clerk, (2) fees for transcripts, (3) fees for printing and witnesses, (4) fees for copies of papers necessarily obtained for use in the case, (5) docket fees, and (6) compensation of court-appointed experts and interpreters.

There is a strong presumption favoring the award of costs to the prevailing party. *Weeks v. Samsung Heavy Indus. Co.*, 126 F.3d 926, 945 (7th Cir. 1997). "The presumption is difficult to overcome, and the district court's discretion is narrowly confined -- the court must award costs unless it states good reasons for denying them." *Weeks*, 126 F.3d at 945. Costs may also be denied if the prevailing party engaged in misconduct that is worthy of a penalty. *Weeks*, 126 F.3d at 945.

Defendant seeks $535.80 in fees for court reporter attendance and the preparation of original and condensed transcripts of Plaintiff's deposition.

Defendant states that the court reporter's fee was $91.00. However, Defendant does not state how many hours the court reporter was in attendance. Thus, it cannot be determined what the court reporter's hourly fee was and whether it was reasonable under the Judicial Conference guidelines. Therefore, $91.00 in court reporter attendance fees will be disallowed.

The costs of deposition transcripts "necessarily obtained for use in the case" are authorized by 28 U.S.C. § 1920(2). The "transcripts need not be absolutely indispensable in order to provide the basis of an award of costs; it is enough that they are 'reasonably necessary.'" *Barber v. Ruth*, 7 F.3d 636, 645 (7th Cir. 1993). The Judicial Conference has established $3.00 as the rate per page for an original transcript and $4.00 per page for each expedited copy.

Defendant reports an original transcript of Plaintiff's deposition at a cost of $415.80, a condensed transcript at a cost of $25.00, and a $4.00 handling charge. However, Defendant does not

report how many pages were copied. Thus, it cannot be determined whether the $415.80 charge for the original transcript is reasonable under the Judicial Conference. Therefore, $415.80 in costs will be disallowed.

Defendant seeks $261.94 in exemplification costs[2]. This amount is based on three copies of 336 pages that were submitted to the Court, one copy of eighteen pages of discovery requests, and $159.34 in copies that Plaintiff submitted to Defendant for which Defendant was billed. All copies, except those that were produced by Plaintiff at Defendant's expense, were made at a rate of $0.10 per page.

A party may recover costs of copies provided to the court and opposing counsel; it cannot recover costs for copies for its own use. *Sharp v. United Airlines*, 197 F.R.D. 361, 362 (N.D. Ill. 2000). Defendant will be permitted two copies of all the pleadings and motions and one copy of all the discovery materials.

A charge of $0.10 per page is reasonable. *See, e.g., Kateeb v. Dominick's Finer Foods, Inc.*, No. 96 C 1229, 1997 WL 630185, at *1 (N.D. Ill. Sept. 30, 1997) (holding charge of $0.20 per page is reasonable). Therefore, Defendant will be awarded $67.20 in costs for all copies submitted to the Court (336 x $0.10 x 2) and $1.80 in costs for all copies submitted in discovery.

Defendant does not report how many pages Plaintiff produced to it or at what rate these pages were copied. However, as Plaintiff herself made these copies, does not object to their taxation as a cost, and has already billed Defendant for their duplication, Defendant will be awarded $159.34 in costs.

---

[2]Defendant seeks $262.14 in exemplification costs, but this appears to be an accounting error ($100.80 + $1.80 + $159.34 = $261.94).

For the reasons stated above, Defendant's bill of costs is granted in part and denied in part. Defendant is awarded a total of $257.34 in costs ( the total of $67.20 + $1.80 + $29.00 + 159.34, as itemized above).

Dated: 4-23-02

JOHN W. DARRAH
United States District Judge